UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD RICHARD CHILDS II,<br><br>                            Plaintiff(s),<br><br>     v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>                            Defendant(s). | Case No. 2:14-CV-1748 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Las Vegas Metropolitan Police Department's (hereinafter "defendant") motion to dismiss. (Doc. # 6). Plaintiff Donald Richard Childs, II (hereinafter "plaintiff") filed a response, (doc. # 10), and defendant filed a reply, (doc. # 12).

Also before the court is plaintiff's motion to amend complaint. (Doc. # 10). Defendant filed a response. (Doc. # 12). Plaintiff did not file a reply, and the time to reply has now passed.

Also before the court is plaintiff's request for judicial notice. (Doc. # 10).

Finally before the court is plaintiff's motion to recuse. (Doc. # 16). Defendant did not file a response, and the time to respond has now passed.

**I.    Background**

On June 30, 2014, plaintiff was involved in an incident with two Las Vegas Metropolitan Police Department ("LVMPD") officers on the Fremont Street Experience. (Doc. # 1). On July 10, 2014, plaintiff filed a formal complaint and affidavit with LVMPD internal affairs. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

1   On September 19, 2014, plaintiff was involved in a similar incident with two different LVMPD officers. (Doc. # 1). Plaintiff was standing in a crowd at a red light on Fourth and Fremont Streets. (Doc. # 1). He observed four LVMPD officers and two squad cars nearby. Two of the officers then drove off in their squad car, while the other two remained at the intersection. (Doc. # 1).

When the light turned green, plaintiff and the other pedestrians began to cross the street. (Doc. # 1). At that time, one of the officers ran toward the crowd, grabbed plaintiff by the arm, and pulled him toward the parked squad car. (Doc. # 1). When plaintiff asked what the problem was, the officer told plaintiff that they were taking him to jail. (Doc. # 1).

Plaintiff was immediately handcuffed. (Doc. # 1). Plaintiff asked for the names and badge numbers of the officers. (Doc. # 1). The first officer then began removing all of the items from plaintiff's pockets. (Doc. # 1).

Plaintiff stated that the officers were violating his Fourth Amendment rights with an unconstitutional search. (Doc. # 1). The second officer responded that the Fourth Amendment did not apply because plaintiff was being arrested. (Doc. # 1).

Plaintiff was arrested and taken to the City of Las Vegas Detention Center. (Doc. # 1). He was told that he had violated Nevada Revised Statute 484B.283 for failure of a pedestrian to obey traffic signals. Plaintiff was held in jail for hours with no idea of his release date. Plaintiff was eventually released. On September 23, 2014, he filed a second LVMPD internal affairs complaint and affidavit. (Doc. # 1).

On October 22, 2014, plaintiff filed a complaint in Nevada state court asserting claims for harassment, deprivation of rights under color of law in violation of 18 U.S.C. § 242, false arrest, fabrication of evidence, discrimination, unreasonable search and seizure, and due process violations. (Doc. # 1).

Defendant then removed the case to this court, and the parties filed the instant motions. (Doc. # 1).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

### i. Judicial notice

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Rule 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

### ii. Motion to dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

James C. Mahan
U.S. District Judge

- 3 -

the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

iii.   Motion to amend

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

Federal Rule of Civil Procedure 15(a)(1)(B) provides: "A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion to amend . . . ." LR 15-1(a).

**James C. Mahan**
**U.S. District Judge**

- 4 -

**III. Discussion**

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

*i.  Motion to recuse*

On December 19, 2014, plaintiff filed a motion to recuse District Judge Andrew P. Gordon from this case. (Doc. # 16). On December 22, 2014, Judge Gordon recused himself from the case and it was reassigned to this court. Accordingly, the motion to recuse will be denied as moot.

*ii.  Request for judicial notice*

In his motion for leave to amend and opposition to defendant's motion to dismiss, plaintiff asks the court to take judicial notice of LSR 2-1. (Doc. # 10). This local rule provides that "[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this Court." LSR 2-1.

Local rules are not adjudicative facts. Accordingly, the court will deny plaintiff's request and will not take judicial notice of LSR 2-1. Any local rule will be applied as appropriate.

*iii.  Motion to dismiss*

Plaintiff filed a joint response and motion to amend in opposition to defendant's motion to dismiss. Plaintiff argues that his complaint contains sufficient factual matter to state a plausible claim for relief. (Doc. # 10).

In its reply, defendant argues that plaintiff has failed to challenge the legal assertions in defendant's motion or substantively oppose it by showing how his claims may survive dismissal. (Doc. # 12). Defendant states that it is not liable for any federal claim based upon respondeat superior liability. (Doc. # 6).

James C. Mahan
U.S. District Judge

- 5 -

1  Defendant also notes that plaintiff lacks standing to assert private causes of action
2  pursuant to federal criminal statutes. Defendant finally suggests that plaintiff fails to identify
3  any facts stating a plausible claim for violation of his federal rights. (Doc. # 6).

4  The court agrees. Plaintiff does not "state a claim to relief that is plausible on its
5  face." *Iqbal*, 556 U.S. at 678. In his response to defendant's motion to dismiss, plaintiff simply
6  cites the standard for a Rule 12(b)(6) motion and claims that he meets it. However, he does not
7  provide any compelling argument in support of this contention. Plaintiff's allegations are simply
8  legal conclusions, and do not cite sufficient facts to bring them above the speculative level.

9  Plaintiff's response to defendant's motion to dismiss indicates his intention to bring a
10 claim under 42 U.S.C. § 1983. (Doc. # 10). However, municipalities are liable only for
11 constitutional violations resulting from an official policy or custom. *Monell v. Dep't of Soc.*
12 *Servs.*, 436 U.S. 658, 694 (1978). To survive dismissal, a claim under section 1983 must
13 sufficiently allege that the officers were acting under color of state law and that their conduct
14 amounted to a deprivation of plaintiff's constitutional rights. *See Jones v. Cmty. Redev. Agency*,
15 733 F.2d 646, 649 (9th Cir. 1984).

16 Plaintiff fails to plausibly allege any custom or policy leading to a purported
17 constitutional violation. While plaintiff alleges that certain of his constitutional rights were
18 violated, these allegations are conclusory and without factual support.

19 Plaintiff's statutory claims are also mere legal conclusions and do not rise to the level
20 sufficient to survive dismissal. Plaintiff attempts to allege multiple violations of 18 U.S.C. §
21 242. This is a criminal statute and plaintiff lacks standing to assert any claim under it.

22 Finally, plaintiff cites no legal authority in support of his harassment or discrimination
23 claims. Plaintiff simply alleges that he was harassed and discriminated against based on the
24 officers' "misuse of 'discretionary citations.'" (Doc. # 1). Plaintiff references the Equal
25 Protection Clause with no factual support. These allegations do not state any plausible claim for
26 relief.

27 For the foregoing reasons, plaintiff's complaint will be dismissed in its entirety.
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

    *iv.*    *Motion to amend*

Plaintiff contends that he should instead be granted leave to amend his complaint based on Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiff moves for leave to amend his complaint to a 42 U.S.C. § 1983 civil rights complaint. (Doc. # 10).

Defendant responds that plaintiff's motion should be denied because plaintiff fails to attach a copy of his proposed amended complaint pursuant to Local Rule 15-1(a). Defendant also argues that plaintiff fails to specify how any proposed amendment would cure the deficiencies in his complaint. (Doc. # 12).

The court again agrees. First, plaintiff fails to comply with the requirement of Local Rule 15-1(a). Second, the court finds that amendment would be futile. As noted above, plaintiff's factual allegations fail to give rise to a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff also does not cite any facts in his motion to amend indicating a plausible claim for relief under this statute.

For the foregoing reasons, the court will deny the motion to amend.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 6), be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to amend complaint, (doc. # 10), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to recuse, (doc. # 16), be, and the same hereby is, DENIED as moot.

DATED December 30, 2014.

                                                                               */s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -